**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50624**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 28, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JERRY DEAN DAVIDSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Susie Jensen, District Judge.

Judgment of conviction and unified sentence of twelve years, with a minimum period of incarceration of six years, for second degree kidnapping, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Jerry Dean Davidson entered an A*lford*[1] plea to second degree kidnapping, Idaho Code § 18-4503, and misdemeanor sexual battery, I.C § 18-924. In exchange for his guilty plea, additional charges were dismissed. For the second degree kidnapping charge, the district court imposed a unified sentence of twelve years, with a minimum period of incarceration of six years.[2]

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2]     For the misdemeanor sexual battery charge, the district court sentenced Davidson to 250 days county jail with credit for time served of 250 days. Davidson does not challenge this sentence on appeal.

1

Davidson filed an Idaho Criminal Rule 35 motion, which the district court denied. Davidson appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Davidson's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Davidson's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Davidson's judgment of conviction and sentence, and the district court's order denying Davidson's Rule 35 motion, are affirmed.